UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-884-JAR |
| | ) | |
| THE BRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of David M. Johnson for leave to commence this action without payment of the required filing fee [Doc. #2]. The Court will grant the motion. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. §§ 1983 and 1985(3) for the violation of his constitutional procedural due process rights. The named defendant is "The Bridge," a homeless shelter located in downtown St. Louis, Missouri.

Plaintiff alleges that he is a "participant" at The Bridge, a not-for-profit corporation that receives both state and federal funding. He states that, on October 29, 2013, while eating at the homeless shelter, he "exchanged some words" with and made an "idle threat" to the cook. He further states that security agents at The Bridge asked him to leave because of his comments. On November 5, 2013, someone at The Bridge, who plaintiff refers to as "Defendant (A)," informed plaintiff that he was expelled for one year "for the 'idle' threat he stated to the cook."

2

Plaintiff states that "Defendant (A)" told him that "Defendant (B) was in agreement with the expulsion." When plaintiff asked for the written guidelines "that [Defendant (A)] followed to rule the 'expulsion,'" his request was denied. Plaintiff claims that The Bridge's actions violated his constitutional rights to procedural due process and caused him emotional and physical distress.

## Discussion

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

In the instant action, plaintiff does not allege, nor does it appear, that The Bridge is a state actor within the meaning of § 1983. Plaintiff merely alleges The Bridge is a non-profit corporation that receives state funds; however, the mere receipt of state funding does not satisfy § 1983's state action requirement. *See Rendell-Baker*, 457 U.S. 830, 838 n. 6, 840 (1982) (private school's receipt of state funds did not render its decisions acts of the state for purposes of § 1983); *Ashby v. Economic Opportunity Com'n of Nassau County, Inc.*, 351 F.Supp.2d 27, 29 (E.D.N.Y. 2004) (non-profit, anti-poverty corporation that received ninety-five percent of its funding from the state was not a "state actor" under § 1983).

3

Moreover, even if The Bridge were a state actor, "[a] corporation acting under color of state law will be held liable only for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (local government body may be held liable under § 1983 only if alleged unconstitutional conduct implements official policy or custom). Because plaintiff does not identify any allegedly unconstitutional official policies or customs at The Bridge, he has failed to state a § 1983 claim or cause of action against this defendant.

The Court further finds that to the extent plaintiff is attempting to assert a respondeat superior theory of liability against The Bridge for the actions of its employees, his claims must fail, because the doctrine of respondeat superior is inapplicable in § 1983 actions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Last, the Court finds that plaintiff's allegations simply do not rise to the level of a constitutional violation and fail to state a claim or cause of action for the deprivation of a constitutionally-protected right under § 1983.

For these reasons, plaintiff's § 1983 claims will be dismissed pursuant to §1915(e)(2)(B).

Plaintiff also brings this action under 42 U.S.C. § 1985, which concerns conspiracies to interfere with civil rights. Section 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). In the instant action, nothing in the complaint indicates that plaintiff is a member of a protected class or that The Bridge was motivated by purposeful discrimination. As such, plaintiff's § 1985(3) claims will also be dismissed as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of June, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**